UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BELL COUNTY BOARD OF ELECTIONS, ) ) ) Plaintiff, ) ) v. ) ) BELL COUNTY VOLUNTEER FIRE ) DEPARTMENT, INC., ) ) Defendant. ) | Civil No. 11-284-ART<br><br>**MEMORANDUM OPINION & ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

"Federal courts are courts of limited jurisdiction." This is an oft-repeated mantra, and for good reason. With few exceptions, federal courts can only decide cases that arise under federal law or involve diverse parties. *See* 28 U.S.C. §§ 1331, 1332. The parties agree that neither source of federal jurisdiction is present here.

The defendant, Bell County Volunteer Fire Department, Inc., however, removed this case from state court claiming that the federal court has jurisdiction because the complaint violates a federal injunction. But any such jurisdiction is ancillary at best. And, a party cannot remove a state court complaint based on ancillary jurisdiction alone. Remand is necessary.

### BACKGROUND

In 2007, the Fire Department sued the members of the Bell County Fiscal Court in federal court alleging that the County unconstitutionally seized the Fire Department's real property. *See* No. 07-209, R. 1. That suit ended when the Court

entered an order permanently enjoining the County from, among other things, controlling the Fire Department's property. No. 07-209, R. 18. The Court expressly retained federal jurisdiction to supervise and enforce the terms of the injunction and the settlement agreement. *Id.* ¶ 6. Three years later, the two parties returned to federal court when Bell County alleged the Fire Department breached its contract for fire protection services. *See* No. 10-162, R. 1. That case is still pending before this Court. Most recently, the Bell County Board of Elections sued the Fire Department in state court claiming the Fire Department may not charge the Board to use fire stations as polling places in the upcoming general election. *See* No. 11-284, R. 1-3. The Fire Department now wants to remove that case because the Board of Elections is attempting to violate the 2007 permanent injunction. *Id.*, R. 7.

## DISCUSSION

The removal statute requires original jurisdiction. 28 U.S.C. § 1441(a). A federal court's power to "stop proceedings in a suit lawfully begun and pending in another [court], and to take such suit within its own jurisdiction for further hearing and final disposition, is the exercise of an unusual and high prerogative, and must be based on clear statutory authority." *Gilmore v. Herrick*, 93 F. 525, 525 (C.C.N.D. Ohio 1899) (Taft, J.). But there has never been "language in any removal statute which justifies removal of a cause from state court to a federal court on the ground that it is ancillary to a suit in federal court." *Id*. Thus, a federal court cannot exercise removal jurisdiction—even to enforce a previous federal court ruling—if there is no independent basis for federal jurisdiction over the state court suit. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 472 (1998) (holding removal was improper when

the defendant claimed a prior federal judgment barred the plaintiff from pursuing a state law claim); *see also City of Warren v. City of Detroit*, 495 F.3d 282, 286 n.2 (6th Cir. 2007) ("Ancillary jurisdiction is insufficient to support removal.").

The parties agree that there is no independent basis for federal jurisdiction here. This dispute is between two Kentucky parties and turns exclusively on Kentucky law. The Fire Department says removal is proper, however, because, in 2007, this Court retained jurisdiction to enforce the injunction's terms. No. 11-284, R. 7 at 7-8. Federal courts certainly have the authority to enforce their prior decrees, even when doing so would require the Court to adjudicate state law claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994). Moreover, normal prohibitions against federal courts enjoining state court proceedings do not apply in such circumstances. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a state court except . . . to protect or effectuate its judgments."). But when a federal court enforces its judgments, it does so based on ancillary, not original, jurisdiction. *Kokkonen*, 511 U.S. at 379-80. Thus, removal on this basis is improper.

The requirement of original jurisdiction for removal also avoids unnecessary interpretations of state law by federal courts. Avoiding "needless decisions of state law" promotes comity between the federal and state courts as well as "justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Although it may seem like semantics, the difference between removal (where jurisdiction is lacking) and enforcement (where jurisdiction exists) is important. If the Fire Department removed

3

this suit, this Court would be forced to rule on the meaning of a Kentucky statute absent the presence of *any* federal issue. By contrast, if the Fire Department moved to enforce the 2007 injunction in the underlying case, this Court would simply be interpreting its own order.

Lastly, the Board of Elections has moved for costs incurred because of the removal. *See* 28 U.S.C. § 1447(c). A district court should award costs for removal only when it would be "fair and equitable under all the circumstances." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993) (quoting *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992)). For the reasons provided during the hearing, an award of costs would be inappropriate here.

Accordingly, it is **ORDERED** that the plaintiff's motion, R. 3, is **GRANTED IN PART AND DENIED IN PART**. This case is **REMANDED** to the Bell Circuit Court and shall be **STRICKEN** from this Court's active docket. The plaintiff's motion for costs is **DENIED**.

This the 25th day of October, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge